**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                 **CASE NO: 2:10-CR-107-FtM-29DNF**

**LEROY THOMAS**

**ORDER**

This matter comes before the Court on Second Renewed Motion to Vacate Detention Order (Doc. #59) filed on June 27, 2012. By Order of the District Court (Doc. #61), a hearing was held before the undersigned on July 23, 2012. Jeffrey Michelland, Assistant United States Attorney, appeared on behalf of the Government. Russell Rosenthal, Assistant Federal Public Defender, filed the instant motion and appeared for the Defendant who was present during the proceedings.

As a matter of background, the Defendant came before this Court on September 8, 2010, for Defendant's Initial Appearance and bond hearing. Based upon the information presented, the Court found the Defendant did not overcome the presumption that he was a risk of flight and a danger to the community, therefore, Defendant was remanded. See Order of Detention, Doc. #9. Subsequently, a Motion to Suppress (Doc. #22) was filed. After a hearing before the Hon. Douglas N. Frazier, the Court issued a Report and Recommendation (Doc. #31) denying the motion. The District Court, however, adopted the facts, but rejected the legal conclusions in the Report and Recommendation. The Government filed an Interlocutory appeal (Doc. #39).

On April 6, 2011, the Defendant moved for release (Doc. #42) arguing the ruling on the Motion to Suppress substantially weakened the Government's case and Defendant should not

have to remain in custody during the Government's appeal. At that time, it was expected that the Government's appeal would be heard some time in 2012. The Defendant's request was denied.

In the instant motion, the Defendant renews his request for release a second time. The District Court recommitted the issue to this Court on July 11, 2012. Thus, the issue is ripe for hearing and review.

The issue of review of a detention order is addressed in 18 U.S.C. §3145(b). Section 3145(b) provides in pertinent part: (b) If a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly. Additionally, Section 3145(c) provided is pertinent part: (c) A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meet the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The Defendant argues that the predictions as to the duration of the appeal have been far exceeded. The issue raised during appeal is now before the Supreme Court in the case of *Bailey v. United States. No. 11-770,* 2012 WL 1969365 (June 4, 2012). It is anticipated that a ruling will not be handed down in the *Bailey* case until May or June 2013. Therefore, it is not likely that a decision regarding the Government's appeal will not be issued until late 2013. Under these circumstances, the case will not be postured for trial until late 2013 or early 2014. This is significantly longer than when detention was originally determined. It should be noted the Defendant was arrested in May, 2010 for the instant offenses.

The Government argues in favor of detention.  Specifically, the Government states that argues that the factors regarding bond enumerated in 18 U.S.C. §3142(g) determine whether a Defendant is eligible for release on bail pending appeal and are applicable here.  The nature and circumstances of the offense charged weigh heavily in favor of detention.  Although the Defendant's ties to the community are strong, it is insufficient to outweigh the other pertinent factors.  The Defendant has a considerable criminal history and has spent time in prison on drug related charges.  Given his history, the Defendant is considered to be a danger to the community and faces approximately 20 years if convicted.  Lastly, the Defendant admits to drug use, including cocaine and heroin.  Therefore, the Court should not reconsider the original assessment that the Defendant is a risk of flight and danger to the community.

The Court relies on the history as outlined by Defense Counsel, and agreed to by the Government, as well as, the Court's prior determination for bond, the case history, and the pretrial services report.  The Court further reviews the case from a due process standpoint.  In regard to the factors outlined in 18 U.S.C. §3142, the Court notes the Defendant's substantial community and familial ties.  Defendant's mother, Georgia Kent, is willing to post her property as a surety for the Defendant's appearance in future proceedings and serve as third party custodian. Further, Elizabeth Harvey is willing to act as a co-signer on Defendant's bond.  When the Court made its original determination and ruling on the issue of bond, the case was in a preliminary posture and scheduled to follow a standard procedural path to trial.  It was not expected that the Defendant would be held without bond for a period of approximately four years while his case ran its course.  Based upon a reanalysis of the factors and the procedural due process rights of the Defendant, the Court finds the Defendant has overcome the presumption in

this case that he is a risk of flight and a danger to the community. For the reasons stated in this Order and those stated in open court on the record, it is now

**ORDERED:**

The Second Renewed Motion to Vacate Detention Order (Doc. #59) is **GRANTED**. The Defendant will be released on bond. The Court will issue a bond under separate cover.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record
Presiding District Judge
DCCD